The Chancellor.
The question is, when and how the .distribution of the proceeds of the sale of the Read farm, sold by the widow, as surviving executor, before the youngest daughter had attained eighteen years, and after some of the daughters had attained that age, .is required, by this will, to be made.
The particular clause in the will providing for the distribution, is in the sixth item, and is as follows: “ Whenever thp pale of the real and personal estate thus directed to be sold, shall ■hp made, then I'bsdev and direct that the same shall be placeá *109 at interest, on good landed security, and be equally divided among my before mentioned daughters, share and share alike, and paid to them when they, respectively, attain the age of eighteen years.
It is contended on the part of the appellants, that the proceeds of the sale, with the interest thereon from the tijme of the sale, are to be divided, &c. and paid to them when they, respectively, attain eighteen years.
It is contended on the part of the respondent, that the widow is entitled to have the whole proceeds kept at interest, and ,to receive the interest thereon till the youngest daughter attains eighteen years.
What is the meaning of the particular clause ? What does it require to he divided, &c. and paid to the daughters when they respectively attain eighteen years? Is it the proceeds of the sale, and the interest thereon ? If this is the provision, (it is so contended for the appellants.) it would not matter to the widow and executrix when the principal and interest were to be divided and paid; whether to each daughter as she attained eighteen years, or to and among all when the youngest attained eighteen years.
The words of the clause do not require this reading of it; and certainly the intention, as derivable from the whole will, is opposed to this reading of the particular clause. The first part of the will gives tlio widow the use of all the estate, real and personal, during widowhood, and as therein after directed and, limited. This is sufficient to give her the use of the Read farm, and the interest of the proceeds of the sale of it, until she is restrained from or limited in the use, or reception of the interest, by some positive subsequent provision. But there is no provision that the interest accumulate, or that the interest, as well as the principal, shall be divided among the girls when they respectively attain eighteen years. The construction, then, of the particular clause, as it seems to me, is, that it requires the widow to pay to each daughter, her share of the principal money arising from the sale of the Read farm, when she attains eighteen years ; the widow to receive, in the mean time, the interest on the whole, or such part of the proceeds of the sale, as shall from time to time remain at interest.
*110 Taking this to be the true construction of the particular -clause, the next inquiry is, is there any reason, derivable from •other parts of the will, or from the will as a whole, sufficiently imperative to constrain the court to depart from the language and import of the particular clause, and to adjudge that the inténtion of the testator was, that the widow should have the .interest on the whole amount of the proceeds of the sale till the youngest daughter should attain eighteen years, (as is contended by the counsel for the respondent,) notwithstanding the express direction of the particular clause, that the same shall be -divided among the daughters, share and share alike, and paid to them when they respectively attain eighteen years.
The fourth item of the will directs, that if the widow die or ■marry before Julia- (the jmungest daughter) attains eighteen years, the surviving executor shall sell all the personal estate, and put the proceeds at interest; and here the clause stops. The latter part of -the fifth item provides, that a sale of the ■Read farm may be made before Julia attains eighteen. We ‘have thus both real and personal property that may be sold before Julia attains-eighteen, the proceeds of both of which are subject to the provisions of the sixth item ; which directs, that -whenever the sale of the real and personal estate thus directed to be sold, shall be made, the same shall, be placed at interest. Thus far, the proceeds of both real and personal property are directed to -be placed at interest. The time and manner of distributing both these proceeds, is then provided for, in one and the same manner, in one and the same sentence. They are to be equally divided among his daughters, and paid to them when they respectively attain eighteen years.
It was uncertain which of these funds would exist before Julia attained eighteen; or whether either or both ; and in this uncertainty they are both subjected to the same rule. The rule was well suited to the one fund, i. e. the fund to arise from the sale of the personal property on the death or marriage of the widow before Julia attained eighteen. It may not have been so well suited to the other fund, i. e. the fund which might arise from the sale of the Read farm before Julia attained eighteen. But I do not see that the court is called upon, or authorized, to make a new will for the testator, in this respect. By the sixth *111 item, the proceeds are to be placed at interest. This could only refer to a sale that might be made before Julia attained eighteen; for on her attaining that-age the widow’s use ceased. The farm, if not sooner sold, was then to be sold ; not for the purpose of putting the proceeds at interest for the widow, but for the purpose of dividing the proceeds among the girls. The frame of this item, thus far, brought to the consideration of the testator, distinctly, what should be done with the proceeds of the sale that might be made of the Read farm before Julia attained eighteen; the proceeds of which were directed to be placed at interest. Shall these proceeds' not be divided till Julia attains' eighteen? or shall each daughter have her share on attaining that age? The clause answers; they shall be equally divided among the daughters, and paid to them when they respectively attain eighteen.
I see no controlling reason why effect should not be given to this language; the only difference being, whether the widow should lose the interest, of one seventh of the proceeds, when each daughter should attain eighteen, or enjoy the interest on the whole till the youngest should attain that age. The second item of the will provides for the sale of certain moveables, and that the proceeds of the sale, after paying, &c. be put at interest, and expressly directs that the interest thereof be paid annually to his wife during her widowhood. When, therefore, in the clause under consideration, the testator omits such provision, and employs language which, it is admitted, gives a different rule, it would be carrying construction too far to refuse to give effect to it. Would there have been any reasonable objection to the distribution clause, if it had provided that each daughter should have her share on attaining twenty-one? Obligation for support would then cease. Shall we deny effect to-the express language of the testator, because he chooses to consider eighteen as a proper age for distribution among daughters,, or an age at which they are likely to provide for themselves, or be provided for ?
Again, it might be that the homestead farm would be converted into rnoney before Julia attained eighteen ; for if Benjamin died without issue before he attained twenty-one, the will directs the executors, or the survivor of them, to sell the homo *112 stéad, arid put the proceeds at interest', and to divide the same among the daughters in the same manner as directed in refer» énce to the proceeds of the Read farm ; though if Benjamin lived, the widow was to have the use of the homestead till he attained twenty-one. And this provision in reference to the sale of the homestead farm on Benjamin’s death before twenty-one, without' isstae, is peremptory; yet thé same rule is given as in reference to the Read farm, if that should be sold before Julia attained eighteen. Here the same question was brought to the testator’s mind again, and he gives the same rule as to when and how the proceeds of this sale shall be divided among the daughters, i. e.- when they respectively attain eighteen.
I am of opinion, that the decree of the orphans’ court is erroneous ; that each daughter, on attaining eighteen, was entitled to her share of the principal sum arising from the sale of the Read farm; and that the daughters who had attained éighteen at the time of the sale, were entitled to their shares immediately; and that, in reference to these last shares, the executrix should have been charged with interest thereon from the feme of the sale. It will be decreed accordingly.